IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| REYNA CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 22-CV-1535 |
| ) | |
| COSTCO WHOLESALE CORPORATION ) | |
| d/b/a COSTCO PHARMACY ) | The Honorable Charles P. Kocoras |
| ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT AT LAW**

**COUNT I – NEGLIGENCE**

NOW COMES the Plaintiff, REYNA CRUZ, by and through her attorneys, ARGIONIS & ASSOCIATES, LLC, and complaining of the Defendant, COSTCO WHOLESALE CORPORATION d/b/a COSTCO PHARMACY (hereinafter referred to as "COSTCO"), alleges as follows:

1. Defendant, COSTCO, is a corporation that on or before July 28, 2021, and for a long time prior thereto, operated and conducted business within the Village of River Grove, County of Cook, State of Illinois.

2. That on or before July 28, 2021, and for a long time prior thereto, the Defendant, owned, possessed, operated, managed, maintained and/or controlled or had a duty to possess, operate, manage, maintain and/or control, both directly and indirectly, individually and through their agents, servants and employees, a certain Costco, located at or about 8400 W. North Avenue, in the Village of River Grove, County of Cook, and State of Illinois.

3. On or before July 28, 2021 Defendant COSTCO had a duty to exercise ordinary care to the Plaintiff, REYNA CRUZ.

1

4. That at the aforesaid time and place, the Plaintiff, REYNA CRUZ, was a customer walking in a common area accessible to customers near the food court area in the Costco store located at 8400 W. North Avenue, in the Village of River Grove, County of Cook, and State of Illinois.

5. That at the aforesaid time and place, Defendant COSTCO knew the food court area to be particularly busy with customer traffic during certain hours of the day.

6. That at the aforesaid time and place, Defendant COSTCO knew, or in the exercise of ordinary care, should have known that food items and liquid items can and do make their way onto the floors of the food court.

7. Notwithstanding Defendant COSTCO's knowledge that food and liquid items can, and do, make their way onto the floors, the food court area was not formally inspected at a greater rate than the remainder of the premises.

8. That at the aforesaid time and place, Defendant COSTCO knew, or in the exercise of ordinary care, should have known that food and liquid spills, during the busy hours of the food court, could pose an immediate slipping danger to the Plaintiff and other customers in the food court area.

9. That at the aforesaid time and place, Defendant COSTCO had a floor walk policy in place where a COSTCO employee would walk the entire COSTCO warehouse every hour, with a cart containing cleaning supplies, looking for spills.

10. That at said time and place, the COSTCO floor walkers had other duties in addition to looking for spills when walking through the warehouse.

11. That at the aforesaid time and place, the Plaintiff, REYNA CRUZ, was caused to be injured on said property during the busy hours of the food court when she slipped on a foreign and wet or slippery substance left on the floor in the food court area.

12. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Defendant's floor walk policy was unreasonable under the circumstances in that the food court area was not inspected and/or monitored at a greater rate than the rest of the premises;

(b) Failed to post a COSTCO employee to monitor the food court area and clean up spills during the busy hours of the food court when Defendant knew, or in the exercise of ordinary care should have known, there is a higher risk of spills during said high traffic hours;

(c) The COSTCO floor walkers did not walk or check the food court area on July 28, 2021;

(d) Defendant should have assigned a monitor to the food court, during the busy hours of the food court, to make sure any spills are cleaned up in a timely manner;

(e) Improperly left a wet substance, unattended, in an aisle walk-way/common area, when it knew said wet substance created a slipping hazard;

(f) Failed to remove a wet substance from an aisle walk-way/common area, when it knew said wet substance created a slipping hazard;

(g) Allowed and permitted a wet substance to exist on the floor of a common area in which customers walk when the Defendant knew, or in the exercise of ordinary care should have known, of the wet substance's existence creating a hazardous condition for the Plaintiff and others;

(h) Failed to properly remove said wet substance from the floor of the aisle and common area or did so in a negligent manner;

(i) Failed to mop up the wet substance from the floor of the aisle and common area or did so in a negligent manner;

(j) Allowed and permitted the wet substance to remain in the aisle and common area for an unreasonable amount of time;

(k) Failed to make a reasonable inspection of the aforesaid building, aisle, and common

3

area when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff and to others;

(l) Failed to warn the Plaintiff of the dangerous condition(s) of said aisle and common area in which customers walk, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(m) Failed to place barricades around the dangerous condition(s) of said aisle and common area in which customers walk, when the Defendant knew, or in the exercise of ordinary care should have known, that said barricades were necessary to prevent injury to the Plaintiff;

(n) Improperly operated, maintained, managed, and controlled the aisle on the aforesaid premises;

(o) Failed to place wet floor signs near the wet substance, to warn Plaintiff of potentially slippery conditions;

(p) Failed to follow COSTCO policies and procedures in properly monitoring the aisles and common walk-way area;

(q) Failed to follow COSTCO policies and procedures in the timely maintenance of the aisles and common walk-way area; and

(r) Was otherwise careless and/or negligent.

13. That on the aforementioned date and as a result of the aforesaid acts and/or omissions of the Defendant, COSTCO, the Plaintiff was caused to be injured when she slipped on the aforementioned wet substance located on the floor of the aisle and common walk-way area.

14. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, COSTCO, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became

4

liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, REYNA CRUZ, demands judgment against the Defendant, COSTCO, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II – PREMISES LIABILITY

NOW COMES the Plaintiff, REYNA CRUZ, by and through her attorneys, ARGIONIS & ASSOCIATES, LLC, and complaining of the Defendant, COSTCO, alleges as follows:

1. Defendant, COSTCO, is a corporation that on or before July 28, 2021, and for a long time prior thereto, operated and conducted business within the Village of River Grove, County of Cook, and State of Illinois.

2. That on or before July 28, 2021, and for a long time prior thereto, the Defendant, owned, possessed, operated, managed, maintained and/or controlled or had a duty to possess, operate, manage, maintain and/or control, both directly and indirectly, individually and through their agents, servants and employees, a certain Costco, located at or about 8400 W. North Avenue, in the Village of River Grove, County of Cook, and State of Illinois.

3. That on or before July 28, 2021 and for a long time prior thereto, the Defendant was and is a corporation that was and is doing business within the County of Cook, State of Illinois.

4. That at the aforementioned time and place and prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said

5

dangerous condition.

5. That at all times material to this Complaint, Defendant COSTCO had a duty to exercise reasonable care in the maintenance of said premises, including any and all aisles and common areas in which customers walk, for the safety of Plaintiff and others.

6. On or about July 28, 2021, Plaintiff, REYNA CRUZ was lawfully on said premises, as a customer.

7. That at the aforesaid time and place, the Plaintiff, REYNA CRUZ, was a customer walking in a common area accessible to customers near the food court area in the Costco store located at 8400 W. North Avenue, in the Village of River Grove, County of Cook, and State of Illinois.

8. That at the aforesaid time and place, Defendant COSTCO knew the food court area to be particularly busy with customer traffic during certain hours of the day.

9. That at the aforesaid time and place, Defendant COSTCO knew, or in the exercise of ordinary care, should have known that food items and liquid items can and do make their way onto the floors of the food court.

10. Notwithstanding Defendant COSTCO's knowledge that food and liquid items can, and do, make their way onto the floors, the food court area was not formally inspected at a greater rate than the remainder of the premises.

11. That at the aforesaid time and place, Defendant COSTCO had a floor walk policy in place where a COSTCO employee would walk the entire COSTCO warehouse every hour, with a cart containing cleaning supplies, looking for spills.

13. That at said time and place, the COSTCO floor walkers had other duties in addition to looking for spills when walking through the warehouse.

14. That at the aforesaid time and place, the Plaintiff, REYNA CRUZ, was caused to be injured on said property during the busy hours of the food court when she slipped on a wet substance left on the floor of the food court.

15. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   (a) Defendant's floor walk policy was unreasonable under the circumstances in that the food court area was not inspected and/or monitored at a greater rate than the rest of the premises;

   (b) Failed to post a COSTCO employee to monitor the food court area and clean up spills during the busy hours of the food court when Defendant knew, or in the exercise of ordinary care should have known, there is a higher risk of spills during said high traffic hours;

   (c) The COSTCO floor walkers did not walk or check the food court area on July 28, 2021;

   (d) Defendant should have assigned a monitor to the food court, during the busy hours of the food court, to make sure any spills are cleaned up in a timely manner;

   (e) Failed to provide a reasonably safe means for Plaintiff to navigate the aisles and common walk-way area, when Defendant knew or in the exercise of reasonable care, should have realized that the wet substance left in the aisle/common area involved an unreasonable risk of harm to the Plaintiff;

   (f) Failed to inspect the aisles and common walk-ways for dangerous, slippery substances in which customers walk, when Defendant knew or in the exercise of reasonable care should have known that it was necessary to prevent injury to Plaintiff and others;

   (g) Failed to properly and adequately remove the wet substance from the floor of the aisle and common area;

   (h) Allowed and permitted the wet substance to remain in the aisle and common area for an unreasonable amount of time;

   (i) Failed to make a reasonable inspection of the aforesaid building, aisle, and common area when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff and to others;

(j)     Failed to verbally warn of the dangerous condition(s) of said aisle and common area in which customers walk, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(k)     Failed to place visual warnings of the dangerous condition(s) of said aisle and common area in which customers walk, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(l)     Failed to place barricades around the dangerous condition(s) of said aisle and common area in which customers walk, when the Defendant knew, or in the exercise of ordinary care should have known, that said barricades were necessary to prevent injury to the Plaintiff;

(m)     Failed to take any reasonable steps to ensure that the aisles and walk-ways remained in a safe condition, when Defendant was in the best position to address any and all dangerous conditions present on the aforesaid property;

(n)     Improperly operated, maintained, managed, and controlled the aisle on the aforesaid premises;

(o)     Was otherwise careless and/or negligent.

16. That on the aforementioned date and as a result of the aforesaid acts and/or omissions of the Defendant, COSTCO, the Plaintiff was caused to be injured when she slipped on the aforementioned wet substance located on the floor of the food court area.

17. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, COSTCO, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs, and has lost, and in the future will lose, the value of that time aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expanded and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, REYNA CRUZ, demands judgment against the Defendant, COSTCO, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully Submitted,
**ARGIONIS & ASSOCIATES, LLC**

_____
Attorneys for Plaintiff

George G. Argionis (Lead Attorney)
James S. Betzelos
**ARGIONIS & ASSOCIATES, LLC**
180 N. LaSalle - Suite 1925
Chicago, Illinois 60601
P. 312-782-4545
F. 312-782-4540
ARDC No.: 6236638
ARDC No.: 6338725
Service Email: gga@argionislaw.com
Service Email: jsb@argionislaw.com