IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REYNA CRUZ, | ) |
| Plaintiff, | ) No. 22 C 1535 |
| v. | ) Magistrate Judge Gabriel A. Fuentes |
| COSTCO WHOLESALE CORPORATION, d/b/a COSTCO PHARMACY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Reyna Cruz ("Cruz" or "Plaintiff") sued Defendant Costco Wholesale Corporation, d/b/a Costco Pharmacy ("Costco" or "Defendant"), in Illinois state court on February 28, 2022, and the case was removed to this court based on diversity of citizenship. (D.E. 1.) Plaintiff filed an amended complaint on December 8, 2022, seeking damages for negligence and premises liability under Illinois law due to injuries she suffered when she fell in the food court area of a Costco store. (D.E. 24: Am. Compl.) Defendant has moved for summary judgment. (D.E. 75: Pl.'s Mot. for Summ. J.) The motion is now fully briefed.[2]

---

[1] On January 4, 2023, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Magistrate Judge for all proceedings, including entry of final judgment. (D.E. 29.)

[2] As a preliminary matter, Costco asks the Court to strike the fact section in Plaintiff's Memorandum in Response to Defendant's Motion (D.E. 88, "Plaintiff's Response"), citations to facts in Plaintiff's Response, and sections of Plaintiff's Local Rule ("L.R.") 56.1 Statement of Additional Facts (D.E. 88-18: "PSOAF") on the grounds that they violate the local rules. (D.E. 90: Def. Reply at 2-4.) "The court has broad discretion to relax or enforce strictly local rules governing summary judgment practice." *Savis, Inc. v. Cardenas*, -- F. Supp. 3d --, 2023 WL 5956993, at *6 (N.D. Ill. Sept. 13, 2023), citing *Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 349 (7th Cir. 2020) (collecting cases). Costco's first objection is not well-taken because L.R. 56.1(g) states that a party's memorandum of law "may include a statement of facts" that "cite[s] directly to specific paragraphs in the L.R. 56.1 statements or responses," as Plaintiff's Response does. As for Costco's other objections, "this Court sees no need to dive into these [facts] at the outset and will assess

**Undisputed Material Facts[3]**

Plaintiff alleges that on July 28, 2021, she slipped and fell in the food court of the Costco warehouse located at 8400 W. North Avenue in Melrose Park, Illinois, due to a wet or slippery substance on the floor. (D.E. 88-17: Plaintiff's Response to Defendant's Statement Of Material Facts ("Pl. Resp. to DSOF"), ¶ 1.) There were no witnesses to the moment of Plaintiff's fall, but store surveillance video shows that at 1:13:43 p.m., as Plaintiff walked from the cash registers to the food court counter, she slipped and fell. (*Id.*, ¶¶ 3, 24, 30.) Plaintiff testified that after she slipped, she observed a spot of a light pink liquid on the floor behind her; she does not know what caused the substance to be on the floor, where it came from, or how long the substance had been on the floor prior to her fall. (*Id.*, ¶¶ 31, 33.)

Costco employee John Shapiama approached Plaintiff at 1:15:08 p.m.; he testified that he did not see any substance on the floor. (*Id.*, ¶¶ 36-37.) Costco employees Linda Garcia and Eddie Borman wiped the floor area behind Plaintiff with a dry mop and towel. (*Id.*, ¶¶ 39-40.) Shapiama filled out a three-page report of the incident. (D.E. 91: Defendant's Response to Plaintiff's Statement Of Additional Material Facts ("Def. Resp. to PSOAF"), ¶¶ 3-4.) The report stated that there were five drops of a Costco fruit smoothie on the floor where Plaintiff slipped and fell. (*Id.*, ¶¶ 5-6, 8.) Shapiama's report further stated that Plaintiff "fell by [the] food court registers, on [a] smoothie that was dropped by another member." (*Id.*, ¶ 11.) The last time before Plaintiff fell that a Costco employee performed an hourly "floor walk" of the warehouse to look for any potential hazard was between 12:20 and 12:35 p.m. (Pl. Resp. to DSOF, ¶¶ 43-45.) Costco produced 28

---

these facts on a case-by-case basis, to the extent material to its analysis." *Dirickson v. Intuitive Surgical, Inc.*, 657 F. Supp. 3d 1103, 1111 (N.D. Ill. 2023).

[3] The following facts are taken from the parties' L.R. 56.1 statements and are undisputed unless the Court indicates otherwise.

minutes of surveillance video prior to Plaintiff's slip and fall. During the video, no smoothies were provided to customers from the food court, and no one is seen spilling a smoothie. (*Id.*, ¶¶ 14-15.)[4] No liquid is visible on the floor in the video, but the parties dispute whether a few drops of smoothie on the ground would be visible from the height at which the surveillance camera footage was taken. (*Id.*, ¶ 29.)

## ANALYSIS

### I. Summary Judgment Standard

"Summary judgment is proper when there is no genuine dispute about any material fact." *United States ex rel. Heath v. Wisconsin Bell, Inc.*, 92 F.4th 654, 659 (7th Cir. 2024), citing Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The question is whether [Plaintiff] offered evidence raising some genuine issue for trial such that a reasonable jury could return a verdict" for her. *Heath*, 93 F.4th at 659-60 (internal quotations omitted). "In making that determination, the court construes all facts and reasonable inferences in [the] nonmovant's favor." *Hambrick v. Kijakazi*, 79 F.4th 835, 841 (7th Cir. 2023) (internal quotations omitted). Although federal law governs procedural issues, "[w]ith the case proceeding under diversity jurisdiction, state substantive tort law applies—here, that of Illinois." *LoBianco v. Bonefish Grill, LLC*, 94 F.4th 675, 677 (7th Cir. 2024) (internal quotations omitted).

### II. Illinois Law

To prove negligence "[u]nder Illinois law, a plaintiff must establish the existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries." *McCarty v. Menard, Inc.*, 927 F.3d 468, 472 (7th Cir. 2019) (citations omitted). "In

---

[4] Costco repeatedly objects that Plaintiff's assertions describing what the video shows are improper. (Def. Resp. to PSOAF, ¶¶ 15-23, 25, 27-28, 31, 35.) But Costco does the same thing. As the Court may consider video evidence on summary judgment, *see Kailin v. Vill. of Gurnee*, 77 F.4th 476, 481 (7th Cir. 2023), to the extent the parties actually dispute each other's descriptions, the Court will look at the video as needed.

3

Illinois, a business like [Costco] owes customers a duty to maintain its premises in a reasonably safe condition to avoid injuries to those customers." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). "When a business's invitee is injured by slipping on a foreign substance, the business can be liable if the invitee establishes that: (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the business had constructive notice of the substance." *Id*. Costco argues that it is entitled to summary judgment because Plaintiff has not established a genuine issue of material fact that Costco had notice, either actual or constructive, of any substance on the floor, and thus a reasonable jury could not find that Costco breached its duty to Plaintiff. (D.E. 76: Costco Mem. in Supp. of Summ. J.) The Court agrees.[5]

### III. Plaintiff Has Not Raised a Genuine Issue of Material Fact that Costco Had Constructive Notice That a Dangerous Substance Was On The Floor.

Plaintiff does not allege that the substance on which she slipped was placed on the floor by Costco or that Costco had actual notice that there was a substance on the floor. (*See* Am. Compl. ¶¶ 15(a)-(o).) Rather, Plaintiff argues that she has presented evidence from which a jury could reasonably determine that Costco had constructive knowledge of the substance on the floor. (Pl. Resp. at 7-11.). "Constructive notice can be established under Illinois law by either presenting evidence that (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651 (7th Cir. 2014).

---

[5] As Plaintiff has not established a genuine issue of material fact as to Defendant's breach of its duty, the Court does not reach the issue of proximate cause.

> **A.     Plaintiff Has Not Established a Genuine Issue of Material Fact that a Substance Was on the Floor for a Sufficient Amount of Time Such that It Would Have Been Discovered in the Exercise of Ordinary Care.**

"Where constructive knowledge is claimed, of critical importance is whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered. Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Zuppardi*, 770 F.3d at 651 (internal quotations and citations omitted). In this case, all Plaintiff has established is an absence of evidence. Plaintiff admits that she does not know what caused the substance to be on the floor, where it came from, or how long the substance had been on the floor prior to her fall. (Pl. Resp. to DSOF ¶¶ 31, 33.) Plaintiff argues that *because* the 28-minute surveillance video does not show anyone dropping a smoothie at the site where she slipped, she has established a genuine issue of material fact that someone spilled a smoothie at that spot more than 28 minutes before she slipped and fell. (Pl. Resp. at 5-7.)[6]

Furthermore, "the dearth of evidence establishing placement or notice of the puddle," or in this case, a few drops of smoothie, is not enough for Plaintiff to "meet her burden of demonstrating [Costco's] constructive notice." *Id*. at 651-52. In *Reid v. Kohl's Dep't Stores, Inc*., 545 F.3d 479 (7th Cir. 2008), the Seventh Circuit affirmed the district court's grant of summary judgment in a

---

[6] As an initial matter, the Court notes that Plaintiff asserts that she had asked "Defendant [to] preserve and produce two hours of video footage in the food court in order to show any spills," but Defendant produced only 28 minutes. (Pl. Resp. to DSOF, ¶ 14.) But Plaintiff does not seek or even suggest a remedy for this alleged discrepancy, and she would have no basis to do so because she has not presented any evidence or explanation beyond the assertion that Defendant did not produce what she asked for. Moreover, the video has not been the subject of one of Plaintiff's motions to compel, and there is no assertion before the Court as to whether two hours of video footage even exists or ever existed. (*See* D.E. 49 (Plaintiff moved to compel production of the warehouse incident report); D.E. 32 (Plaintiff moved to compel discovery answers and depositions)). In addition, any argument based on the length of the video would put "the cart before the horse" because "there is no trial unless the plaintiff is able to put forth sufficient evidence at the summary judgment stage to withstand the motion." *Zuppardi*, 770 F.3d at 651.

slip-and-fall case where the plaintiff offered far more evidence than did Plaintiff in this case. In *Reid*, the plaintiff testified that she remembered slipping on a milkshake that was "liquid and running a little bit," and she presented photos of a partially melted milkshake that were taken shortly after she slipped and fell in a Kohl's store. *Id*. at 481-82. The plaintiff argued that a fact finder could infer from the photos that the milkshake had been on the floor for an "extended period of time" before she slipped. *Id*. However, the Seventh Circuit determined that "this inference is far too speculative to warrant much consideration" because the plaintiff "presented no evidence regarding [the substance's] origin or its composition" and "[t]he record is devoid of any facts which would have given insight into the relevant time frame." *Id*.

In this case, Plaintiff has offered *no* evidence of the length of time the substance on which she slipped had been on the floor. Plaintiff admits that there is no observable substance on the floor where she slipped during the 28 minutes of video preceding her slip and fall.[7] Plaintiff suggests that Shapiama's incident report could create a genuine issue of material fact that Costco had constructive notice that a few drops of smoothie were on the floor where she slipped. (Pl. Resp. at 15.) But in the absence of any evidence as to how long a foreign substance was on the floor, the incident report alone does not create a genuine issue of material fact on the constructive notice issue.[8] Plaintiff "has offered nothing other than speculation" that she slipped on a substance that

---

[7] Approximately three minutes before Plaintiff slipped, the surveillance video shows a woman with a young child in a shopping cart stooping down to pick something up off the floor and then throwing it in the back of her cart. The parties dispute whether the woman was in the same location as Plaintiff and what the woman bent down to retrieve. The video does not resolve this dispute, and Plaintiff does not contend that three minutes would be sufficient time to establish Costco's constructive notice. Thus, this portion of the video does not impact the Court's decision here. *See Zuppardi*, 770 F.3d at 651-52 ("Although there is no bright-line rule designating the requisite time to establish constructive notice, periods in excess of ten minutes have failed the test").

[8] Moreover, Shapiama testified that he searched for but did not see any substance on the floor (Pl. Resp. to DSOF, ¶¶ 36-37), and neither party has presented any evidence to the Court as to why Shapiama wrote what he did on the incident report.

had been on the floor a sufficient amount of time such that Costco should have discovered it. *Zuppardi*, 770 F.3d at 653. Thus, Plaintiff fails to raise a genuine issue of material fact that Costco had constructive notice that a foreign substance was on the floor.

> **B.  Plaintiff Has Not Established a Genuine Issue of Material Fact that the Substance on Which She Slipped Was Part of a Pattern of Conduct or a Recurring Incident by Costco.**

Alternatively, Plaintiff contends that Costco had constructive knowledge that the substance was on the floor because it did not conduct frequent enough inspections of the food court. (Pl. Resp. at 7-11.) As explained above, under Illinois law, Plaintiff may also establish constructive notice "by showing that the dangerous condition was part of a pattern of conduct or a recurring incident." *Piotrowski*, 842 F.3d at 1040. Plaintiff contends that Costco knew that the food court experiences spills at a greater rate than other sections of the store, and thus, that Costco's hourly floor walks were unreasonable and inadequate to satisfy its duty to maintain its premises in a reasonably safe condition to avoid injuries to its customers. (Pl. Resp. at 7-11.)

But the only evidence Plaintiff presents in support of that contention is that "Costco knew that food items and spills do occur in the food court," and that "Costco's food court manager, Eddie Boreman, testified that on average there are at least five to ten spills every week that customers report happened in the . . . food court." (Def. Resp. to PSOAF, ¶¶ 37-38.) Plaintiff presents no evidence that Costco's hourly floor walks were insufficient to monitor for these spills or those that are not reported by customers, or that other customers had been injured from spills in the food court area.[9] Thus, there is no evidence from which a reasonable jury could conclude that Costco has demonstrated "a pattern of dangerous conditions or a recurring incident which was not attended to within a reasonable period of time." *Piotrowski*, 842 F.3d at 1040. The Court has

---

[9] Costco's duty to maintain its premises in a reasonably safe condition does not "require the continuous monitoring and patrolling of a store's safety conditions." *Zuppardi*, 770 F.3d at 652.

construed all reasonable inferences in favor of Plaintiff, but Plaintiff has failed to present evidence by which a reasonable jury could find that Costco had constructive notice of a dangerous condition and thus breached its duty to Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment. (D.E. 75).

**ENTER:**

_____
**GABRIEL A. FUENTES**
**United States Magistrate Judge**

**DATE: April 16, 2024**